IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 20-CR-00340-4 |
| RODNEY ROWSEY, | Judge Mary M. Rowland |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

Defendant Rodney Rowsey seeks a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines. [826]. For the reasons herein, the Court denies Rowsey's motion for a reduced sentence. [826].

### I. Background

On May 20, 2021, the Special May 2019 Grand Jury returned a seventeen-count superseding indictment charging Rowsey and co-defendants with various drug and money laundering offenses. [378]. Count One of the indictment charged the defendants with conspiracy to knowingly and intentionally possess with intent to distribute a controlled substance, namely a quantity containing a detectable amount of heroin and a quantity containing a detectable amount of fentanyl, in violation of 21 U.S.C. §846. *Id*. With respect to Mr. Rowsey, the offense as charged in Count One involved one kilogram or more of a mixture and substance containing a detectable amount of heroin. *Id*.

On November 10, 2022, Mr. Rowsey entered a blind plea of guilty to Count One of the superseding indictment. [693]. On February 7, 2023, Mr. Rowsey was sentenced to a term of 48 months on Count One. [728].

Mr. Rowsey, acting *pro se*, now moves for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on Part B, Subpart 1 of Amendment 821 of the Sentencing Guidelines. [826]. He argues that Amendment 821's 2-point criminal history reduction applies to his sentence. [826] at 1-2 (citing § 4C1.1.). The Government opposes because Mr. Rowsey was sentenced below both the original and amended Guidelines minimum range. [836] at 4, 6.

II. Analysis

a. Standard of Review

18 U.S.C. § 3582(c)(2) allows a district court to reduce a defendant's sentence if they were "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). "[A]fter considering the factors set forth in section 3553(a) to the extent that they are applicable," the Court can make such a reduction, "consistent with applicable policy statements issued by the Sentencing Commission." *Id*. Courts may take such action upon their own motion, or that of a defendant or the Bureau of Prisons. *Id*.

"§ 3582(c)(2) does not authorize a resentencing. Instead, it permits a sentence reduction within the narrow bounds established by the Commission." *Dillon v. United States*, 560 U.S. 817, 831 (2010). Critically, this Court may only reduce a sentence if the pertinent amendment would *effectively lower* the defendant's applicable guideline

2

range. *See, e.g., United States v. Griffin*, 652 F.3d 793, 803 (7th Cir. 2011) (emphasis added). Also, "[a]ny reduction must be consistent with applicable policy statements issued by the Sentencing Commission." *Dillon*, 560 U.S. at 821.

*Dillon* sets forth a two-prong analysis where "[a]t step one, § 3582(c)(2) requires courts to follow the Commission's instruction in § 1B1.10" to determine eligibility for a sentence reduction. 560 U.S. at 827. Step two instructs courts to consider any applicable § 3553(a) factors to determine whether the sentence reduction is warranted. *Id.* (quotations omitted). The section 3553(a) factors cannot overcome or outweigh step one in the proceedings under § 3582(c)(2). *Id.*

Amendment 821 Part B, Subpart 1 to the United States Sentencing Guidelines, made effective in November 2023, instituted a two-level reduction for some offenders' Chapter Two offense level. U.S.S.G. § 4C1.1 (2023). The amendment allows courts to reduce a sentence for offenders who have no criminal history points and were convicted of an offense that did not involve the criteria listed under § 4C1.1(a)(2)-(10). *Id.* As of February 1, 2024, Amendment 821 applies retroactively. *See* U.S.S.G. § 1B1.10(d) (2023).

### b. Amendment 821 Applies, but the Below Guidelines Variance Precludes Sentence Reduction

The original Presentence Investigation Report assigned Mr. Rowsey an offense level of 29 and criminal history category of I, resulting in a guideline range calculation of 87 to 108 months. [708] ¶¶ 27, 39, 93. The Court confirmed the same guideline range at sentencing. [729].

3

The Government concedes now that Amendment 821 applies to Mr. Rowsey's conviction and would lower his offense level from 29 to 27, ultimately decreasing the guideline range to 70 to 87 months. [836] at 4; (*see also*, [708-1] at 4. However, as noted in the Court's Statement of Reasons, Mr. Rowsey was sentenced to 48 months per 18 U.S.C. § 3553(f), the statutory safety valve. This variance thus set Mr. Rowsey's sentence below the minimum sentencing guideline range. [729] at II(B). The Government argues that the variance given by the sentencing court precludes Mr. Rowsey from a sentence reduction under Amendment 821. [836] at 4. The Court agrees.

The relevant policy statement pertaining to § 3582(c)(2) and Amendment 821\ for the *Dillon* analysis is U.S.S.G. § 1B1.10. *Id.* at 827. Section 1B1.10(b)(2)(A) explains: "Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. §3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection." U.S.C 1B1.10(b)(2)(A).[1]

Here, Mr. Rowsey was sentenced to 48 months incarceration, 39 months below the original minimum guidelines range of 87 months, and 22 months below the amended range of 70 months. [729]; [836] at 2. This below minimum variance was given pursuant to 18 U.S.C. § 3553(f), the statutory safety valve. *See* [729] at II(B). Mr.

---

[1] The Court agrees with the Government that Mr. Rowsey received a downward variance based on the § 3553(a) factors. Thus, the substantial assistance exception in Section 1B1.10(b)(2)(b) does not apply.

4

Rowsey is therefore ineligible for a sentence reduction under Amendment 821. The Court thus need not move to an analysis of the §3553(a) factors.

This ruling does not conflict with the Seventh Circuit's recent holding in *United States v. Cervantes*, No. 24-1226, 2024 WL 3544120 (7th Cir. 2024). There, the Seventh Circuit found the reviewing district court mistakenly used the PSIR offense level to decide the defendant's eligibility for sentencing relief, instead of the actual offense level determined by the court at sentencing. *Id.* at *3. That is not at issue here, as both the PSIR, [708 ¶ 27], and the Court's Statement of Reasons, [729] at 1, indicate that the correct total offense level was 29.

### III. Conclusion

For the foregoing reasons, the Court denies Mr. Rowsey's motion for a reduced sentence and finds him ineligible for a reduced sentence under 18 U.S.C. §3582(c)(2). [826].

E N T E R:

Dated: September 3, 2024

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge